

**FILED**
**Feb 22, 2019**
**01:33 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT KNOXVILLE

| | | |
|---|---|---|
| RONNIE LLOYD, | ) | **Docket No. 2017-03-0700** |
| Employee, | ) | |
| v. | ) | |
| AMERICAN TIMBER, LLC, | ) | **State File No. 43252-2017** |
| Employer, | ) | |
| And | ) | |
| TECHNOLOGY INSURANCE | ) | **Judge Lisa A. Lowe** |
| COMPANY, | ) | |
| Carrier. | ) | |

## EXPEDITED HEARING ORDER
## GRANTING BENEFITS IN PART AND DENYING IN PART

This matter came before the Court on February 12, 2019, for an Expedited Hearing. Mr. Lloyd sustained a work-related injury on May 17, 2017, and received authorized treatment for his abdomen and left hip. He now seeks treatment for his neck, back, and both knees. The central issue is whether Mr. Lloyd is likely to establish at trial that these alleged injuries arose primarily out of the work injury. For the reasons below, the Court holds he met his burden in part and grants medical benefits for Mr. Lloyd's left knee. However, he failed to meet his burden as to his back, neck, and right knee, and the Court denies medical benefits for those injuries at this time.

### History of Claim

American Timber employed Mr. Lloyd as a timber cutter. On May 17, 2017, part of a tree broke away and hit him in the chest, abdomen, and legs. He was transported to the hospital and underwent surgery by Dr. Anna Wallace for his left-femur fracture.

At a follow-up visit with Dr. Wallace, Mr. Lloyd reported a lower-abdominal hernia, so she referred him for surgical repair. Mr. Lloyd recovered from both surgeries but began complaining of left-knee pain. As a result, Dr. Wallace referred him to physical therapy. Mr. Lloyd attended some therapy but had transportation difficulties.

1

Dr. Wallace also offered him an injection for his left knee, but he declined due to potential side effects and because he thought he should have an MRI. Dr. Wallace noted, "I told him if his knee did continue to be an issue for him that we could always refer him to one of our knee specialists." On January 15, 2018, Dr. Wallace released him to return to work without restrictions and assigned a rating of 2% for the femur fracture.

Mr. Lloyd testified that, from the time of the injury to the present, he has suffered from back, neck, and bilateral knee pain. He said he repeatedly reported these pains to his medical providers but acknowledged there was no reference to these complaints in the records. When Mr. Lloyd requested evaluation for his back and neck, American Timber questioned Dr. Wallace about the cause of his symptoms. It asked:

> Given the lack of complaints related to the back or neck in the aforementioned medical records, can you state to a reasonable degree of medical certainty that Mr. Lloyd's employment and/or work injury with American Timber primarily caused Mr. Lloyd's current neck and back symptoms, that is, did his work-related accident contribute more than 50% in causing the injury, considering all possible causes?

She responded, "No. It is possible that he suffered whiplash or other soft tissue injury at the time but I cannot state this with great certainty."

Mr. Lloyd obtained an independent medical evaluation with Dr. C.M. Salekin, who prepared a form C-32 report. In that report, Dr. Salekin listed the injuries as "femur fracture, both knee injury [sic], and damage to abdominal wall." Regarding the knee complaints, Dr. Salekin believed Mr. Lloyd suffered from work-related arthropathy in both knees; however, he needed MRIs of both knees for appropriate diagnosis and treatment. His report and C-32 did not mention Mr. Lloyd's back or neck complaints.

## Findings of Fact and Conclusions of Law

Mr. Lloyd need not prove every element of his claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. Instead, he must present sufficient evidence demonstrating that he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

To prove a compensable injury, Mr. Lloyd must show that his alleged back, neck, and knee injuries arose primarily out of and in the course and scope of his employment. He must show, "to a reasonable degree of medical certainty that [the incident] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering

all causes as opposed to speculation or possibility. *See* Tenn. Code Ann. § 50-6-102(14). "The opinion of the treating physician, selected by the employee from the employer's designated panel of physicians . . . shall be presumed correct on the issue of causation but this presumption shall be rebuttable by a preponderance of the evidence." Tenn. Code Ann. § 50-6-102(14)(E).

Applying these principles to the facts of this case, the Court concludes that Mr. Lloyd failed to establish he is likely to prove at trial that his back, neck, and right-knee conditions were related to the work injury. Not only were complaints of back, neck, and right-knee pain absent from the medical records, but also Dr. Wallace's operative note stated, "He denies any other injuries other than his abdomen and his left side." Mr. Lloyd argued he told Dr. Wallace about his other complaints, but she did not include them in her records because she was solely focused on his left-femur injury. However, when Mr. Lloyd mentioned left-knee pain five months after the injury, Dr. Wallace noted it and offered physical therapy and injections. In fact, Dr. Wallace indicated that if his left knee continued to be painful, she could refer him to a knee specialist in her group.

As the authorized, panel-selected physician, Dr. Wallace's causation opinion is presumed correct. When asked whether she could state within a reasonable degree of medical certainty that Mr. Lloyd's work injury caused his current back and neck symptoms, Dr. Wallace said "no." She went on to state that it was possible he suffered whiplash or other soft-tissue injury at the time, but she could not say so with great certainty. Mr. Lloyd suggested Dr. Wallace made that comment because he had complained about his back and neck previously. However, the Court declines to engage in speculation. *See Lurz v. Int'l Paper Co.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *17 (Feb. 14, 2018) ("[P]arties and their lawyers cannot rely solely on their own medical interpretations of the evidence to successfully support their arguments.").

Mr. Lloyd offered Dr. Salekin's C-32 report and medical record to support his position. On the C-32, Dr. Salekin listed "the injury" as "femur fracture, both knee injury [sic], and damage to abdominal wall." His report did not mention Mr. Lloyd's back or neck complaints. Dr. Salekin referenced Mr. Lloyd's prior right-knee injury and a worsening of that condition following the work injury but stated Mr. Lloyd needs an MRI of both knees for proper diagnosis and treatment. The Court concludes Mr. Lloyd failed to establish likelihood of success at trial that his back, neck, and right-knee conditions arose primarily from the work injury.

Regarding Mr. Lloyd's left knee, the medical records reflect that he complained of left-knee pain to Dr. Wallace and attended some physical therapy for it. She also offered him injections, which he declined, and mentioned a possible referral to a knee specialist. Tennessee Code Annotated subsection 50-6-204(a)(1)(A) provides that an employer shall furnish medical treatment made reasonable necessary by the work injury. The Court holds that Mr. Lloyd established he is likely to prove entitlement to reasonable,

necessary, and causally-related treatment for his left knee with Dr. Wallace. American Timber shall authorize an appointment with Dr. Wallace for evaluation of Mr. Lloyd's current left-knee symptoms.

In conclusion, the Court grants Mr. Lloyd's request for medical benefits for his left knee but denies his request for back, neck, and right-knee treatment.

**IT IS, THEREFORE, ORDERED** as follows:

1. Reasonable, necessary, and causally-related medical care for Mr. Lloyd's left femur, hernia, and left-knee injuries shall be provided by American Timber or its workers' compensation carrier.

2. Mr. Lloyd's claim against American Timber and its workers' compensation carrier for his alleged back, neck, and right-knee injuries is denied at this time.

3. This matter is set for a Status Conference on June 17, 2019, at 9:30 a.m. Eastern Time. The parties must call 865-594-0109 or 855-383-0003 toll-free to participate. Failure to appear by telephone may result in a determination of the issues without the party's participation.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED February 22, 2019.**

**LISA A. LOWE, JUDGE**
**Court of Workers' Compensation Claims**

4

## APPENDIX

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Plaintiff's Notice of Intent to Use Statement of Evaluating Physician in Lieu of Deposition
4. Request for Expedited Hearing
5. Brief in Support of Employee's Request for Expedited Hearing
6. Employer/Carrier's Objection to Plaintiff/Employee's Use of Standard Form Medical Report for Industrial Injuries (Form C-32) of Choudhury M. Salekin
7. Employer's Objection to Employee's Request for Expedited Hearing Being Decided on the Record
8. Pre-Hearing Brief of Employer and Insurer
9. Supplement to Pre-Hearing Brief of Employer and Insurer

The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

Exhibits:
1. Affidavit of Ronnie Lloyd
2. Panel of Physician, Form C-42, Selection Date of June 16, 2017
3. Panel of Physician, Form C-42, Selection Date of June 20, 2017
4. Medical Records of Dr. Anna Wallace and University of Tennessee Medical Center
5. Supplemental records of OrthoTennessee
6. Causation Letter to Dr. Anna Wallace, dated July 11, 2017,
7. C-32 and medical report of Dr. C.M. Salekin
8. E-mail exchanges between the parties, dated June 28, 2017 (marked for identification purposes only)

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on February 22, 2019.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Ameesh Kherani, Employee's Attorney | | | X | akherani@davidhdunaway.com |
| Fredrick R. Baker, Employer's Attorney | | | X | fbaker@wimberlylawson.com |

PENNY SHRUM, Court Clerk
WC.CourtClerk@tn.gov